UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RECEIPT #_____
AMOUNT $  150—
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE  1-15-04
```

2004 JAN 15  P 12: 37

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| ASSEMBLY SQUARE LIMITED PARTNERSHIP, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. |
| v. | ) ) |
| KMART CORPORATION, | ) ) 04 CV 10093 EFH |
| Defendant. | ) ) |

MAGISTRATE JUDGE Collings

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Kmart Corporation ("Kmart") hereby removes the above-captioned matter to the United States District Court for the District of Massachusetts. Kmart has complied with all removal procedures, there is a complete diversity of citizenship, and the amount in controversy exceeds the jurisdictional amount of $75,000 as follows:

1. On September 30, 2003, Assembly Square Limited Partnership ("Plaintiff") commenced this action against Kmart by filing a summary process summons and complaint in the Massachusetts Trial Court, District Court Department, Somerville Division, entitled *Assembly Square Limited Partnership v. Kmart Corporation*, Docket No. 0310 CV 1763 (the "Complaint"). This action arises out of Kmart's lease (the "Lease") on its store at Assembly Square Mall in Somerville (the "Somerville store"). The Complaint was served on September 22, 2003, on Linda Eaglean, who holds the position of "Upfront Manager – Checkouts" at the Somerville store. Plaintiff also attempted to serve Kmart by mailing a copy of the Complaint to their offices in Michigan.

2.   This Notice is filed within 30 days after receipt by Kmart of papers from which it was first ascertained that the case is removable and thus, is timely pursuant to 28 U.S.C. § 1446(b). Section 1446(b) provides, in relevant part: "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Here, the Complaint did not contain any indication of the citizenship of the Plaintiff, a limited partnership. See Reisman v. KPMG Peat Marwick, 965 F. Supp 165, 176 (D. Mass. 1997) (for purposes of diversity jurisdiction, a limited liability partnership has the citizenship of its partners). The case first became removable on December 31, 2003, when Kmart received the Plaintiff's Responses to Defendant's Interrogatories and Plaintiff's Responses to Defendant's Requests for Admission, in which the Plaintiff admitted that it is not a citizen of the State of Michigan. See Lovern v. General Motors Corp., 121 F.3d 160, 161-164 (4th Cir. 1997) (holding that removal was timely when complaint offered no indication of plaintiff's citizenship and notice of removal was filed within thirty days of defendant's receipt of discovery giving notice of plaintiff's residency and citizenship); Shonk Land Company LLC v. Ark Land Company, 170 F. Supp. 2d 660, 661-663 (S.D.W.V. 2001) (holding the same where complaint did not indicate citizenship of partners of limited partnership). Accordingly, removal is timely.

3.   Kmart is a Michigan corporation with its principal place of business in Michigan. Accordingly, there is complete diversity of citizenship.

4.   As to the amount in controversy, in their Complaint, Plaintiff seeks, *inter alia*, monetary damages for an alleged failure to pay rent, initially in the amount of $119,043.39 and after amendment, in the amount of $30,092.84, as well as an order evicting Kmart from the

premises that are the subject of the Lease. The current value of the leasehold interest Plaintiff is seeking to terminate by means of the eviction order it is seeking in this action is approximately $15 million. See Berman v. Narragansett Racing Association, Inc., 414 F.2d 311, 314 (1st Cir. 1969) (amount at stake to either party in suit considered in determining satisfaction of amount in controversy); Nashua Brookside Hospital Inc. v. Cappuccio, Civ. A. No. 91-12158-Z, 1993 WL 62366, at *4 (D. Mass. Feb. 16, 1993) (same); BEM I, L.L.C v. Anthropologie, Inc., 301 F.3d 548, 553 (7th Cir. 2002) (same). Accordingly, the matter in controversy exceeds the jurisdictional amount of $75,000.

5. A copy of all the process, pleadings and orders served upon Kmart in this action, is attached hereto as Exhibit A and filed herewith.

WHEREFORE, Defendant Kmart says that this action is properly removable pursuant to 28 U.S.C. § 1441.

KMART CORPORATION
By its attorneys,

Douglas H. Meal (BBO#340971)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: January 15, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff by hand on January 15, 2004.

_____
Douglas H. Meal